UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE MICHAEL RAY,

                Petitioner,

v.

MAGGIE MILER-STOUT,

                Respondent.

No. C09-5470 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted for: September 18, 2009**

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner is an inmate at the Airway Heights Correction Center (AHCC). He filed an application to proceed in forma pauperis (Dkt. 6), but has paid the $5.00 filing fee. Accordingly, the Court should deny the application.

### DISCUSSION

      A district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963).

On August 3, 2009, Petitioner filed his petition for writ of habeas corpus and paid the $5.00 filing fee. Dkt. 1 (Receipt # T-6013). On August 10, 2009, the Court signed an Order Directing Service. Dkt. 2. On August 26, 2009, the Petitioner filed an application to proceed *in forma pauperis*. Dkt. 6. Because he has paid the filing fee, Petitioner's application to proceed *in forma pauperis* is moot. In addition, Petitioner's application reflects that he has sufficient funds to pay the filing fee.

By requesting the Court to proceed *in forma pauperis*, Petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's application reflects that he has the sum of $314.32 on account to his credit at AHCC, and that his average monthly receipts are $126.61. Dkt. 6, pp. 2-3. The undersigned recognizes that the funds to which Petitioner has access may not be great. However, given the fact that a prisoner's basic needs are provided for while he is incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect Petitioner to pay that fee from those funds.

**CONCLUSION**

Because Petitioner has paid the filing fee and he appears to have sufficient funds to pay the filing fee, the undersigned recommends that the Court deny his application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Petitioner shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

REPORT AND RECOMMENDATION - 2

U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed set this matter for consideration on **September 18, 2009**, as noted in the caption.

DATED this 1st day of September, 2009.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3